Charles C. Gates v. Commissioner.
Gates v. Commissioner
Docket No. 110486.
United States Tax Court
1943 Tax Ct. Memo LEXIS 524; 1 T.C.M. (CCH) 354; T.C.M. (RIA) 43003; January 4, 1943
*524 Hudson Moore, Esq., and Dayton Denious, Esq., for the petitioner. Owen W. Swecker, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: The question upon which the redetermination of a deficiency in petitioner's gift tax for the year 1938 in the amount of $5,135.80 turns, is whether certain interests in income transferred by several trust agreements were present interests entitling petitioner to $5,000 exclusions for each beneficiary or were future interests which under the statute preclude such exclusions. We find the facts as stipulated. In substance they are as follows: [The Facts] Petitioner is an individual residing in Denver, Colorado. In 1935 he transferred to trustees of an irrevocable trust created by him 1,400 shares of the capital stock of The Gates Rubber Company which had an aggregate value of $56,000. During the same year he irrevocably assigned under a further trust a policy of ordinary life insurance on his own life which was worth $9,462.33. To the first of these trusts petitioner in 1936 made an additional gift of 1,100 shares of The Gates Rubber Company stock worth $44,000. In the same year he paid a premium of $1,427.15 on the life insurance *525 policy. In 1937 petitioner created another irrevocable trust and transferred to it 6,738 shares of The Gates Rubber Company stock worth $336,900. He also paid in 1937 the annual premium on the life insurance policy in the sum of $1,496.43. In 1938 petitioner added 650 shares of The Gates Rubber Company stock worth $32,500 to the 1937 trust. He also paid $1,472.12 annual premium on the life insurance. In all the above-mentioned trusts, petitioner's children were named as beneficiaries. At the time of creation of the 1935 trusts all were minors except Ruth Gates Lorton and Hazel Rhoads Gates. Ruth died in 1936 prior to the transfers made in that year. At the time of the gifts in trust in 1937 each of the beneficiaries was under thirty years of age. Each of the trusts created by petitioner makes the children beneficiaries of the income, and gives the remainder equally to the petitioner's surviving descendants per stirpes 21 years after the death of the last survivor of petitioner's wife and children. In the event of failure to surviving descendants the property was to go to petitioner's brother, or his heirs at law. The instrument as originally drawn provided that distribution *526 was to be 21 years after the death of the last survivor of petitioner's wife, their children and grandchildren. Pursuant to a provision in the 1937 instrument, which was also contained in the other instruments, directing that doubt "concerning the construction or meaning of any of the terms or provisions of said agreement" should be resolved in favor of "the construction or meaning which the grantor and the then acting Trustees shall agree upon," a document entitled "Construction of Trust Instrument," dated August 3, 1937, was executed which stated that the intention was to continue the trust for the maximum period allowed under the rule against perpetuities, and that the reference to grandchildren was inserted by a mistake of the scrivener. The use of the masculine pronoun was also stated not to exclude female beneficiaries wherever the context permitted. The 1937 trust provided, inter alia: 5. (a) The entire net income from this trust shall be paid semi-annually or oftener to Grantor's children, * * * [naming them] share and share alike. 5. (b) Until any present or future beneficiary has attained the age of thirty (30) years, the Trustees may pay all or part of his share *527 of income to him directly (whether he is of age or not), and may from such share pay the whole or any part of the expense of his support, maintenance and education, and may pay all or part of such share to his father or mother to be applied to the expense of such beneficiary's support, maintenance and education, all of which payments by the trustees shall be charged to the beneficiary's share of income; any balance not so paid shall be paid to the beneficiary when he becomes thirty (30) years of age. The 1935 trust carried a provision identical to 5(a), supra, and a provision corresponding to 5(b) as follows: (b) During the minority of any beneficiary hereunder the Trustees may in their discretion pay the whole or any part of his share of said trust to him or her directly, or may pay the whole or any part of the expense of his or her support, maintenance, and education, or may pay the whole or any part of such share to his or her Mother to be expended by her toward the expense of such beneficiary's support, maintenance and education, charging the same to his or her share and accounting to him or her for the balance. The following further facts appear from an agreed statement *528 of testimony: The trusts mentioned and other trusts of which petitioner's children were beneficiaries were handled by The Gates Rubber Company, which acted as depository and disbursing agency for the trustees and the beneficiaries. The trusts had no bank accounts. The company's accounting department kept accounts which treated all the trusts created by petitioner as one trust. All moneys belonging to any trust were put in the general funds of the company and credited on its books as an account payable to the respective trustees. Company dividend checks were delivered to the trustees who endorsed them and they were deposited in the general funds of the company. The company pays interest on the credit balances at the rate of 3 per cent per annum. Disbursements by cash or check were made through the company. Checks were sometimes made to third parties for the benefit of a child; railroad and steamship tickets were purchased; school and college expenses were paid; bills from local department stores were paid; petitioner's wife was reimbursed for expenditures made by her on behalf of the children; an automobile was purchased and bills for gasoline and repairs paid; the children were *529 paid regular monthly allowances and such other amounts as they requested in cash or by check. Payments on behalf of a child were only made at the request of the child or one of his parents. Payments made directly to a child were made at his or her request. All of the trustees were aware of these practices. Payments made were charged to the accounts of the respective children, without designation as to any particular trust. In 1940 an entry was made debiting the trusts created by petitioner with $14,487.95 covering all of the disbursements up to that time, without reference to any particular trust. In some years the withdrawals made by certain of the beneficiaries exceeded the income for that year. It was taken from accumulations from prior years. Another "Construction of Trust Agreement" was executed August 31, 1942, after the joinder of issue in the present case. Its purpose was to construe the provisions of the trusts here in question and recited that the "paragraphs have always been construed and administered by the Trustees with the knowledge and consent of the Grantor, uniformly as hereinafter set forth, and the Grantor and the Trustees are agreed and have always been agreed *530 that such construction is the proper construction, and in order to remove any future or further question and to settle all doubts, this agreement is made and executed pursuant to the provisions of the said trust agreements." The instrument stated, with reference to the provisions of the trust relating to the payment of income during minority or before the beneficiaries reached the age of 30 years, and the use of the income for "support, maintenance and education," that such provisions do not defeat or qualify "the respective rights of the beneficiaries to receive, use and enjoy the income from the Trust Estate semiannually or oftener, as expressly provided in said trust agreements. The provision in the agreements of December 30, 1935 authorizes and directs the Trustees to make said income available to minor beneficiaries without the necessity of the appointment of a legal guardian"; that the agreement of August 3, 1937, serves the same purpose as to minor beneficiaries, and as to those of lawful age, but under 30, the provision "further authorizes and directs the Trustees to apply income, until withdrawn by beneficiaries, directly to and for the benefit and use of the beneficiaries *531 respectively and without the direction or authorization of such beneficiaries. When a beneficiary becomes thirty (30) years of age, such authorization terminates and the beneficiary's income must thereafter be paid directly to him." The instrument concluded: Any accrued but undistributed income must be paid semiannually to beneficiaries of lawful age and to the legal guardians of minor beneficiaries if they so demand or request. Petitioner made gift tax returns relating to all of the above transfers. In his gift tax return for 1937 he claimed a specific exemption of $40,000. In his return for 1938 petitioner claimed six exclusions of $5,000 each, or a total of $30,000. Respondent regarded the gifts as gifts of future interests giving rise to no exclusions, and determined a deficiency in the computation of which he also disallowed $80,000 of exclusions claimed by petitioner on the transfers in previous years. These were also regarded by respondent as gifts of future interests. [Opinion] We cannot discern any tenable ground for distinguishing this case from , affirmed (C.C.A., 9th Cir.), . *532 There the trust agreement required that - * * * each year the net income accumulated during said year up to the said time shall be distributed to the beneficiaries who have attained the age of twenty-one (21) years, and if under twenty-one years then to the herein designated parent of such beneficiary for his or her use and benefit, in proportion to the share of each therein as herein provided until he or she reaches the age of twenty-five (25) years, at which time his or her share in the corpus of said Trust fund, together with any accumulated and undistributed income therefrom shall be delivered to the beneficiary arriving at such age free and clear of any control by the Trustee as his or her own property. This is so similar to the directions contained in the several trusts created by petitioner, when each is considered as a whole as respondent insists it should be, that we are satisfied the result reached in the Fisher case is required here. It follows that the gifts of income were present interests. We do not understand respondent to raise any question as to the correctness of petitioner's calculation of the value of such gifts. Accordingly, the exclusions for each beneficiary *533 for all years were properly computed by petitioner, and there is no gift tax deficiency for the tax year in issue. Decision will be entered for petitioner.